UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-21198(jjt) |
| | : | |
| STEWART STAFFING SOLUTIONS & RECRUITMENT GROUP, LLC | : | CHAPTER 7 |
| | : | |
| DEBTOR | : | November 22, 2019 |

### TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL TO THE ESTATE; DECLARATION OF PROPOSED ATTORNEY; AND PROPOSED ORDER

TO THE HONORABLE JAMES J. TANCREDI, UNITED STATES BANKRUPTCY JUDGE:

Anthony S. Novak, Trustee **(the "Trustee")** hereby applies for authority to employ The Law Offices of Jeffrey Hellman, LLC **("Counsel")** as special counsel pursuant to 11 U.S.C. Section 327, Fed. R. Bankr. P. 2014 and D. Conn. Bankr. L. R. 2014-1, and in support thereof respectfully represents as follows:

1. On or about July 10, 2019 **(the "Petition Date")**, a voluntary bankruptcy petition was filed by Stewart Staffing Solutions & Recruitment Group, LLC **(the "Debtor")** under chapter 7 of Title 11, United States Code, in the United States Bankruptcy Court for the District of Connecticut **(the "Court")**.

2. The Trustee is duly qualified and acting.

3. The Trustee desires to retain Counsel to recover possible preference payments made by the Debtor in violation of 11 USC Sec. 547, possible fraudulent transfers obtained by Officers of the Debtor pursuant to 11 USC Sec. 548 and post-petition payments made by the Debtor in violation of 11 USC Sec. 549 (the "Action") that include:

<u>Possible 11 USC Sec. 547 claims against the following:</u>

A. AJ Equity Group, LLC of Brooklyn, NNY
B. BFS Capital of Coral Springs, FL
C. Bizfund, LLC of Brooklyn, NY
D. Cardmember Services of St. Louis, MO
E. Careerbuilders, LLC of Chicago, IL
F. Gitlin Campise Predergast, LLC of West Hartford, CT
G. GCCFC2007, LLC of Miami Beach, FL
H. Insight Worldwide, Inc. of Salem OR
I. Libertas Funding of Greenwich, CT
J. LinkedIn Corp of Chicago, IL

<u>Possible 11 USC Sec. 548 claims against Earle Lerner of Manchester, CT.</u>

4. To perform his duties as Trustee, your applicant requires the services of said attorney for the following purposes:

    a. To advise and consult with the applicant concerning questions arising in the recovery of potential 11 USC Sec. 547 and Sec. 548 claims; and

    b. To appear for, prosecute, defend and represent applicant's interest in any actions brought pursuant to 11 USC Sec. 547 and Sec. 548.

5. For the foregoing and all other necessary and proper purposes in connection with the Action, the applicant desires to retain Jeffrey Hellman, Esquire as counsel for the Trustee.

6. Because of his bankruptcy and litigation experience, the applicant feels that Attorney Hellman is well qualified to render the foregoing services.

7. Based upon the Declaration attached hereto, applicant believes that said attorney does not hold or represent any interest adverse to that of your applicant or the Debtor estate. Said attorney will seek compensation based upon a contingency fee basis of one-third. Said attorney would also be entitled to claim reimbursement for his actual and reasonable out-of-pocket costs and expenses in prosecuting the Action.

8. The Court has power to authorize employment of Jeffrey Hellman, Esquire pursuant to 11 U.S.C. Section 327(a), which states in pertinent part:

> [T]he trustee, with the court's approval, may employ one or more…attorneys …or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

WHEREFORE, the applicant prays that he be authorized to employ Jeffrey Hellman, Esquire, as his attorney to render services in possible Sec. 547 and/or Sec. 548 claims as described above with compensation to be paid as an administrative expense in such amounts as this court may hereinafter determine and allow upon application or applications to be filed by said attorney.

ANTHONY S. NOVAK, Trustee

By/s/ *Anthony S. Novak*
Anthony S. Novak
Fed. Bar #ct09074
280 Adams Street
Manchester, CT 06042-1975
Tel: 860-432-7710

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-21198(jjt) |
| | : | |
| STEWART STAFFING SOLUTIONS & RECRUITMENT GROUP, LLC | : | CHAPTER 7 |
| | : | |
| DEBTOR | : | November 22, 2019 |

## DECLARATION OF PROPOSED ATTORNEY

I, Jeffrey Hellman, declare:

1. I am an attorney duly admitted to practice before all courts of the State of Connecticut, as well as this Court.

2. I am a member of Law Offices of Jeffrey Hellman, LLC the law firm that the Trustee is seeking to employ by the Application to which this Declaration is attached.

3. Minnesota Lawyers Mutual Insurance Company insures Law Offices of Jeffrey Hellman, LLC against any of its errors or omissions through Policy No. 381864 effective July 1, 2019 through July 1, 2020 to the extent of $3,000,000.00 per claim, $5,000,000.00 in the aggregate, attached hereto as EXHIBIT A.

4. The law firm of Law Offices of Jeffrey Hellman, LLC has extensive experience in bankruptcy litigation and is well qualified to represent the Trustee.

5. The law firm of Law Offices of Jeffrey Hellman, LLC, its members and associates, do not hold any interest adverse to the above-entitled estate and said law firm is a disinterested person as defined in 11 U.S.C. Section 101.

6. Neither the firm nor any of its members have any connection with the Debtor; creditors of the estate; any party in interest; the attorneys and accountants who represent the

Debtor, creditors of the estate, or any party in interest; the United States Trustee; or any person employed in the office of the United States Trustee.

7. Neither the firm nor any of its members has a prepetition or other claim against the Estate.

8. Neither the firm nor any of its members has any interest adverse to the Trustee, the estate or the Debtor.

9. I acknowledge that the Bankruptcy Estate will be my client with regard to the Action.

10. I acknowledge that the Action cannot be settled without consultation with the Trustee and the approval of the United States Bankruptcy Court.

11. I agree to turn over all funds recovered through settlement or litigation of the Action to the Trustee.

12. I acknowledge that the United States Bankruptcy Court must approve my firm's fee application and request for reimbursement of costs before my fees can be paid.

13. I acknowledge that even though I have accepted engagement as special counsel in this litigation matter on a contingency fee basis, the United States Bankruptcy Court requires that I maintain and produce in support of my firm's fee application time records relative to my involvement in this matter.

14. I acknowledge that the United State Bankruptcy Court will require that I submit invoices, cancelled checks, or other forms of verification of the costs and expenses for which my firm may seek reimbursement in the context of my firm's fee application and request for reimbursement of costs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New Haven, Connecticut on this 22nd day of November 2019.

/s/ Jeffrey Hellman
Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
(203) 691-8762

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-21198(jjt) |
| | : | |
| STEWART STAFFING SOLUTIONS & RECRUITMENT GROUP, LLC | : | CHAPTER 7 |
| | : | |
| DEBTOR | : | |

## ORDER AUTHORIZING EMPLOYMENT OF THE LAW OFFICES OF JEFFREY HELLMAN, LLC

Whereas, upon consideration of the Trustee's Application to Employ Special Counsel to the Estate dated November 22, 2019 and the Declaration of said attorney dated November 22, 2019, and it appearing that Jeffrey Hellman, Esquire is a disinterested person and that the employment of said attorney as special counsel by the Trustee is in the best interest of this estate, it is hereby

**ORDERED** that Anthony S. Novak, Trustee herein, is authorized to employ Jeffrey Hellman, Esquire as attorney for the Trustee and the estate, to recover preference payments made by the Debtor in violation of 11 USC Sec. 547, fraudulent transfers obtained by Officers of the Debtor pursuant to 11 USC Sec. 548 and post- petition payments made by the Debtor in violation of 11 USC Sec. 549; and it is

**FURTHER ORDERED** that payment of compensation and reimbursement of expenses shall be computed on a contingency fee basis of one-third, of the amount actually recovered, together with reimbursement of reasonable out-of-pocket costs and expenses, to be paid in such amounts as may be allowed by the court upon proper application or applications therefor, pursuant to 11 U.S.C. Sections 330 and 331.